**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                              Case No. 25-23585-SMG
                                                                    Chapter 13

Benjamin Ingram,
        Debtor.
_____/

## MOTION TO DISMISS

Kim Upson-Bradwell ("Creditor"), by and through her undersigned counsel, files this Motion to Dismiss (the "Motion"), and in support thereof states the following:

1.      On November 17, 2025, Debtor filed his third voluntary petition under Chapter 13 of the United States Bankruptcy Code, only providing notice to the creditor, U.S. Bank Trust National Association, Trustee, MEB Loan Trust VII ("U.S. Bank") in the underlying foreclosure, CACE 22-0002894.

2.      The Petition was filed as a *pro se*, skeletal petition where, in response to items sixteen (16) about credit counseling, he checked the box that he certifies that he asked for credit counseling services from an approved agency and was unable to obtain those services within seven days of the request warranting exigent circumstances to grant the request for the 30-day temporary waiver.

3.      On November 17, 2025, Debtor filed a Motion to Extend Credit Counseling ("Motion to Extend") citing the basis that he was "ill" and "72 years old."  While unclear, it seems suggested by the Motion to Extend that the purported illness is old age.

4.      On November 17, 2025, the Clerk of this Court Notified the Debtor he had through and including December 1, 2025, to file the balance of his schedules.

5. On November 18, 2025, this Court set the Motion to Extend for hearing for December 3, 2025, at 10:00 a.m. and ordered the following: (a) Debtor must complete his credit counseling and provide the certificate and any possible budget with the Court, (b) even if the Certificate of Credit Counseling is filed, the Court may dismiss the case upon determination that the circumstances are insufficient for the temporary waiver requested, (c) the Court may deny the Motion to Extend and dismiss this case should the Debtor fail to obtain counseling or appear at the hearing, and (d) failure of any party in interest to file a written objection to the Motion to Extend prior to the hearing, forever waives the objection to the Debtor's bankruptcy for failure to obtain credit counseling  prior to filing the bankruptcy.

6. On November 18, 2025, it seems U.S. Bank filed the Suggestion of Bankruptcy, and the sale was subsequently cancelled after it had been successfully auctioned for $377,100.00.

7. As of the filing of this Motion, the Debtor has failed to file the balance of his schedules, the Certificate of Credit Counseling, and has failed to provide  .

8. As of the filing of this Motion, the Debtor has failed to meet the requirements of 11 U.S.C. § 109(h)(3)(A) by describing the exigent circumstances that merit a waiver of the pre-filing credit counseling requirement, providing any information regarding the credit counseling course he tried to obtain, and case law indicates failure to meet the first two requirements the court is likely to find the circumstances unsatisfactory. *In re Al-Ameen*, 649 B.R. 62, 65 (Bankr. M.D. Fla. 2022). *See also In re Evans*, 665 B.R. 670 (Bankr. N.D. Ga. 2024).

9. This case was filed in bad faith as a way to hinder the creditors from getting paid from the foreclosure.

10. Ms. Upson-Bradwell is owed over $100,000 in child support from the Debtor for a child that aged out of the system over ten years ago. The Debtor owes more interest than he does

2

in support at this point.  The Debtor did not provide Ms. Upson-Bradwell with notice of this Bankruptcy.

11.     This is the Debtor's third case open within a one year time period, to wit: Case No. 23-18356-PDR, filed on October 12, 2023 and closed on November 25, 2024, Case No. 25-18356-PDR, filed on March 14, 2025 and closed on November 24, 2025, and this case opened on November 17, 2025.

12.     The Debtor is on social security and the prior to bankruptcies were funded by family members who ultimately stop paying his Chapter 13 Plans after agreeing to pay.

13.     The Debtor meets the criteria of 11 U.S.C. 362(c)(4), and Movant respectfully requests an order from this Court that indicates that there is no stay and there shall be no further stays as related to Debtor's real property located at 8250NW 52nd Street, Lauderhill, FL  33351 and Case No. CACE 22-0002894.

WHEREFORE, Creditor, Kim Upson-Bradwell, respectfully requests this Court dismiss the Debtor's bankruptcy with prejudice as to his real property located at 8250NW 52nd Street, Lauderhill, FL  33351 and Case No. CACE 22-0002894, and for all other further relief this Court deems just and proper.

By:  _/s/ Angelena M. Conant_
        Angelena M. Conant, Esq.
        FBN: 101751
        Angelena M. Root, P.A.
        1931 Cordova Road, #303
        Fort Lauderdale, Florida  33316
        Ph: (954) 986-2101
        Fax: (954) 212-0774
        Email: amrootesq@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 3rd day

of December, 2025 via CM/ECF upon the parties listed below and/or via mail to the parties on the

attached service list.

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Timothy R Qualls on behalf of Creditor Broward County Tax Collectors Office
stalevich@yvlaw.net, tqualls@yvlaw.net

Giselle Velez on behalf of Creditor U.S. Bank Trust National Association
gvelez@rasflaw.com

Robin R Weiner
auto-forward-ecf@ch13weiner.com

**and by regular mail to:**

Benjamin W Ingram
8250 NW 52 St
Lauderhill, FL 33351

By: */s/ Angelena M. Conant*
Angelena M. Conant, Esq.